IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAMON DELENO SMITH AND TONIA KAY SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>G & W FOODS, OSWEGO BRANCH AND PATRICIA WARY,<br><br>Defendants. | Case No. 20-CV-2517-JAR-TJJ |

## MEMORANDUM AND ORDER

Plaintiffs Damon Deleno Smith and Tonia Kay Smith, proceeding *pro se*, bring suit against Defendants G & W Foods, Oswego Branch ("G & W Foods") and Patricia Wary.[1] Plaintiffs filed this Complaint on October 19, 2020, asserting seven claims. Wary filed an Answer on November 6, 2020. G & W Foods filed a Motion to Dismiss on December 4, 2020.[2]

On March 17, 2021, Wary filed a Motion for Judgment on the Pleadings (Doc. 25) and Memorandum in Support. Before the Court is Plaintiffs' Motion to Strike Wary's motion and memorandum (Doc. 27).

Pursuant to Fed. R. Civ. P. 12(f), Plaintiffs seek to strike Wary's motion for judgment on the pleadings. They assert that Wary's motion is inappropriately before the Court because both Defendants have not filed an answer in this case and thus the pleadings have not closed. Wary, in turn, asserts that Plaintiffs' motion is improper under Rule 12(f) because her motion does not

---

[1] Plaintiffs have a related case, No. 20-cv-2500-JTM, against Wary and additional defendants. These two cases have been consolidated for discovery. Doc. 22 in Case No. 20-2517; Doc. 31 in Case No. 20-2500). Non-dispositive filings are required to be filed in the lead case, No. 20-2500. Doc. 22 at 3. Dispositive filings, *i.e*, a motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment, should only be filed in the appropriate case. *Id.*

[2] This motion is currently pending before the Court.

contain impertinent or scandalous material or an insufficient defense that should be stricken.[3] Wary agrees, however, that her motion for judgment on the pleadings is potentially premature unless the Court rules on G & W Foods' motion to dismiss in the near future.

Rule 12(f) only allows the court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[4] "Pleadings" do not include motions to dismiss or motions for judgment on the pleadings.[5] Thus, "[t]he Federal Rules of Civil Procedure do not provide for motions to strike motions, memoranda, responses, or replies."[6] Thus, the Court will not strike Wary's pleading pursuant to Rule 12(f). Nevertheless, the Court will address Plaintiffs' arguments regarding the inappropriateness of Wary's filing under Rule 12(c).

Pursuant to Rule 12(c), "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." "When a plaintiff files an action against multiple defendants, '[t]he pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of an answer.'"[7] Accordingly, a remedy under Rule 12(c) is unavailable until after all defendants have filed an answer.[8]

---

[3] Wary filed a document entitled "Motion for Defendant Patricia Wary's Suggestion in Opposition to Plaintiff's Motion to Strike Defendant Patricia Wary's Motion for Judgment on the Pleadings" and another document entitled "Defendant Patricia Wary's Suggestions in Opposition to Plaintiff's Motion to Strike Defendant Patricia Wary's Motion for Judgment on the Pleadings." (Docs. 29, 30). The Court will not construe Wary's "motion" as a motion but will instead construe Docs. 29 and 30 as a response to Plaintiffs' motion to strike.

[4] Fed. R. Civ. P. 12(f) (emphasis added).

[5] *See* Fed. R. Civ. P. 7(a) (enumerating permitted "pleadings").

[6] *Lemmons v. Evcon Indus., Inc.*, No. 09-1232-JTM, 2011 WL 2790195, at *8 (D. Kan. July 14, 2011) (citing *Fisherman Surgical Instruments, L.L.C. v. Tri-Anim Health Servs.*, No. 06-2082-KHV, 2007 WL 2100119, at *1 (D. Kan. July 20, 2007)).

[7] *Gorenc v. Klaassen*, No. 18-2403-DDC-JPO, 2019 WL 2523566, at *2 (D. Kan. June 19, 2019) (alteration in original) (quoting *Garvey v. Seterus, Inc.*, No. 5:16-cv-00209-RLV, 2017 WL 2722307, at *12 (W.D.N.C. June 23, 2017).

[8] *Id.* (citations omitted).

Here, Wary did not file a motion to dismiss, but instead filed an answer. In contrast, G & W Foods did not file an answer, but instead filed a motion to dismiss. A party can choose either avenue. However, because Wary chose to file an answer, instead of a motion to dismiss, she cannot now file a motion for judgment on the pleadings until the pleadings have closed.[9] Thus, Wary's motion is premature, and the Court denies her motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs Motion to Strike (Doc. 27) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Patricia Wary's Motion for Judgment on the Pleadings (Doc. 25) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: April 5, 2021

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> CHIEF UNITED STATES DISTRICT JUDGE

---

[9] Should the Court deny G & W Foods' motion to dismiss, G & W Foods will be required to file an answer, and the pleadings will close. Wary could then file a motion for judgment on the pleadings. Should the Court grant G & W Foods' motion, G & W Foods will no longer be a defendant in the case, and Wary could file a motion for judgment on the pleadings.