## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAMON DELENO SMITH AND TONIA KAY
SMITH,

        Plaintiffs,

        v.

G & W FOODS, OSWEGO BRANCH AND
PATRICIA WARY,

        Defendants.

Case No. 20-CV-2517-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiffs Damon Deleno Smith and Tonia Kay Smith bring suit against Patricia Wary

and G & W Foods, Oswego Branch ("G & W Foods").  Plaintiffs assert seven claims.  Defendant

G & W Foods has filed a Motion to Dismiss (Doc. 10).  It contends that Plaintiffs fail to state a

claim against it.  G & W Foods also filed a Motion to Strike (Doc. 20).  The motions are fully

briefed, and the Court is prepared to rule.  For the reasons stated in detail below, the Court grants

Defendant's motion to dismiss and denies the motion to strike.

## I.      Legal Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must

contain factual allegations that, assumed to be true, "raise a right to relief above the speculative

level"[1] and must include "enough facts to state a claim to relief that is plausible on its face."[2]

Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

[2] *Id*. at 570.

reasonable likelihood of mustering factual support for *these* claims."[3]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[4]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[5]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[6]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the Court "must take all of the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[7]  Thus, the Court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[8]  Second, the Court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[9]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

---

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[5] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[6] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[7] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[8] *Id.* at 678–79.

[9] *Id*. at 679.

[10] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

Because Plaintiffs proceed *pro se*, some additional considerations frame the Court's analysis. The Court must construe Plaintiffs' pleadings liberally and apply a less stringent standard than that which applies to attorneys.[11] "Nevertheless, [Plaintiffs] bear[] 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'"[12] The Court may not provide "additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[13] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[14]

## II.    Factual Allegations

The following material facts are alleged in the Complaint. Plaintiffs Damon and Tonia Smith, "a couple of color,"[15] met Defendant Patricia Wary, a single white woman, in 2016, in Oswego, Kansas. Plaintiffs toured Wary's house, which was for sale by owner. Over the course of a couple months, Plaintiffs and Wary entered into a private contract for Plaintiffs to purchase the home from Wary. This agreement provided for Wary to keep the mortgage loan in her name and Plaintiffs to take the title and deed to the property and make mortgage payments to Wary. Plaintiffs paid Wary $10,000 as a down payment. On January 1, 2017, Plaintiffs took possession of the home.

Plaintiffs never missed a house payment to Wary from 2016 until July 2020 when the home was refinanced. During this time period, Wary made it a habit to communicate with

---

[11] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted).

[12] *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[13] *Whitney*, 113 F.3d at 1174 (citing *Hall*, 935 F.2d at 1110).

[14] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[15] Doc. 1 at 8.

Plaintiffs while she was on duty as a cashier at Defendant G & W Foods and Plaintiffs were checking out.

On or around July 24, 2019, Plaintiff Damon Smith and Wary had a conversation about the Bible while Smith was making a mortgage payment.  Wary escalated the conversation and informed Mr. Smith that he should have had the mortgage refinanced by that time.  Wary informed Mr. Smith that she was going to call the police and report "harassment," even though Wary knew that Smith was not harassing her and it was an untrue statement.

Wary called the police.  Mr. Smith also called the police.  He states that he feared the implications of Wary's false accusation as a white woman against him, a black man.  Mr. Smith informed the police that Wary's allegations of harassment were untrue.

On this same day, Wary told Mr. Smith that she had reported him to the police, that she had reported both Plaintiffs to the local bank as being dishonest in connection with the real estate contract, and that she had informed the title company of the Smiths' dishonesty.  Wary repeated these "harassment" allegations to her attorney and to her employer, G & W Foods.

Between July 24 and 28, 2019, Mr. Smith noticed that each time he entered G & W Foods to shop, Wary would rush to the back of the store, and the store manager would relieve Wary of her cashier duties. These actions were observable to customers and were repeated throughout the year.

On or around July 28, 2019, Plaintiffs received a letter from Wary's attorney stating that Plaintiffs had been harassing Wary and that they must obtain Wary's approval before shopping at her workplace, G & W Foods.  The letter instructed Plaintiffs not to contact Wary by showing up at her work without her express permission.  G & W Foods is the only grocery store in town.

On or around July 31, 2019, Plaintiffs sent a letter back to Wary and her attorney asking them to "cease and desist slander, defamation, and libel."[16]  On this same day, Mr. Smith approached G & W Foods' store manager and informed him that Wary had made false accusations against Plaintiffs, and that Wary's request for reassignment or running away when Plaintiffs entered the store invoked the perception of racial animosity.  Wary persisted in endangering Plaintiffs' safety and reputation while on duty at G & W Foods.

Approximately one year later, on or around August 4, 2020, Mrs. Smith contacted G & W Foods' corporate office in Missouri and made a complaint about Wary's actions and her co-workers' actions.  Mrs. Smith stated that Wary's co-workers appeared to be under the belief that they were protecting Wary, but that they were harming Plaintiffs.  Mrs. Smith requested treatment equal to that of other customers.

On or around August 5, 2020, Mrs. Smith contacted the manager of G & W Foods and informed him that she had called the corporate office.  She also informed G & W Foods' manager that Wary had sent Plaintiffs a letter requesting them to obtain her permission before entering G & W Foods.  On this same date, Mrs. Smith received a return phone call from the corporate office informing her that Wary's attorney had no authority to speak on behalf of G & W Foods and that Wary's behavior would be addressed.

On September 23, 2020, Mr. Smith entered G & W Foods while Wary was on duty and congregating with four other employees.  Wary and the four employees stopped talking and rushed to close out Wary's drawer and usher Wary to the back of the store.  When Mr. Smith was next to Wary, he asked her if this behavior was going to continue but received no response from Wary.

---

[16] Doc. 1 at 11, ¶ 33.

Mr. Smith continued his shopping and proceeded to check out.  The cashier needed help with a cash-back transaction, and the manager assisted the cashier with that transaction.  Mr. Smith informed the manager, "For the record, we have tried."[17]  The manager nodded but did not speak.

Plaintiffs filed suit on October 19, 2020 against Wary and G & W Foods.  They allege seven claims: (1) false communication, (2) harassment and intimidation, (3) defamation and slander, (4) denial of civil rights, (5) conspiracy, (6) endangerment, and (7) unlawful race discrimination.  They seek approximately $2 million in damages.  Defendant G & W Foods filed a motion to dismiss.[18]

## III.    Discussion

As an initial matter, Defendant contends that it brings its Motion to Dismiss pursuant to both Rules 12(b)(6) and 12(b)(1).  Defendant states that the exhaustion of administrative remedies is a jurisdictional prerequisite to filing a Title VII action in federal court, and that Plaintiffs' complaint should be dismissed under Rule 12(b)(1) for failure to exhaust administrative remedies.[19]  Title VII and the duty to administratively exhaust, however, are inapplicable in this case.  Plaintiffs were not employed by G & W Foods and do not bring an employment discrimination claim under Title VII.[20]  Thus, there is no need for Plaintiffs to exhaust administrative remedies, and failure to exhaust is not an appropriate basis for dismissal.

---

[17] *Id.* at 12, ¶ 41.

[18] Defendant Wary recently filed a Motion for Judgment on the Pleadings, but the Court denied this motion as premature because the pleadings in this case have not closed.  *See* Doc. 32.

[19] Although failure to exhaust administrative remedies used to be a jurisdictional bar in this circuit, that is no longer the case.  *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018) (holding that "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim").

[20] Title VII prohibits unlawful employment practices by an employer.  *See* 42 U.S.C. § 2000e-2.

Plaintiffs assert seven claims in their Complaint, but only five appear to involve allegations relating to G & W Foods.[21]  The Court will only address those five claims.  These include claims for defamation and slander, denial of civil rights, conspiracy, endangerment, and unlawful race discrimination.

A.      **Counts 4 and 7**

In Count 4, "Denial of Civil Rights," Plaintiffs allege that G & W Foods violated their civil rights.  They claim that Wary (and her attorney) tried to prevent Plaintiffs from shopping at G & W Foods unless they received permission from Wary.  They claim that both Defendants sought to intimidate and prevent Plaintiffs from receiving equal protection of the law.  In addition, they claim that G & W Foods was made aware of Wary's attempt to impose shopping restrictions on Plaintiffs.[22]  Finally, they contend that G & W Foods intentionally denied Plaintiffs the equal use and enjoyment of their services on account of their race.

In Count 7, "Unlawful Racial Discrimination," Plaintiffs assert that they were discriminated against on the basis of their race.  They contend that G & W Foods failed to address multiple complaints and specific allegations by Plaintiffs of discrimination and intimidation while shopping at G & W Foods.  They claim that G & W Foods condoned their white employees' actions and targeted Plaintiffs based on their race.

---

[21] Count 1 ("False Communication") alleges that Wary called the Oswego City Police and falsely communicated to them that Mr. Smith was harassing her.  Count 2 ("Harassment and Intimidation") alleges that Wary called Mr. Smith to harass him and called a bank to report Plaintiffs as dishonest.  Neither of these allegations include facts related to G & W Foods.

[22] The Court notes, however, that the factual allegations state that Plaintiffs continued to visit G & W Foods and that G & W Foods' corporate office specifically told Plaintiffs that Wary (and her attorney) had no authority to speak on behalf of G & W Foods. Thus, Plaintiffs specifically allege that they continued shopping at G & W Foods.

Plaintiffs state that they bring both of these claims pursuant to § 1983.[23]  Defendant argues that any claims under 42 U.S.C. § 1983 fail because § 1983 only applies to state or private actors acting under color of state law.  G & W Foods is correct.  "In order to prevail on a § 1983 claim, a plaintiff must establish that a federal constitutional right was violated, and that the individual violating the constitutional right did so under color of state law."[24]

Plaintiffs note their *pro se* status and assert that they cited § 1983 in error.  They admit that Defendant's conduct did not occur under color of state law, and that § 1983 is therefore inapplicable in this case.  Plaintiffs contend, however, that 28 U.S.C. § 1343 provides a basis for their claims.  Section 1343 grants federal district courts jurisdiction to hear civil rights cases, but this statute does not specifically provide a cause of action.[25]  Instead, it is a jurisdictional statute and simply provides categories of actions that may be brought in federal court.[26]  Accordingly, Plaintiffs must still allege facts to support a cognizable cause of action under one of these categories.

One of the categories under § 1343 is a cause of action "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."[27]  In Counts 4 and 7, Plaintiffs assert that Defendant violated their civil rights by not providing equal treatment and discriminating against them on the basis of their race.  In their factual allegations, they claim that Wary was reassigned from her cashier position

---

[23] Count 4 also references K.S.A. § 21-6102, a Kansas criminal statute for denial of civil rights.  Generally, a plaintiff may not bring a civil cause of action based on a criminal statute. *See Hervey v. United States*, No. 19-4033-SAC-ADM, 2019 WL 11690495, at *2 (D. Kan. Oct. 30, 2019) (collecting cases).

[24] *Staudinger v. Hoelscher, Inc.*, 166 F. Supp. 2d 1335, 1343 (D. Kan. 2001) (citations omitted).

[25] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1270 (D. Kan. 2008) (first citing 28 U.S.C. § 1343; and then citing *Lewis v. Stevenson*, 123 F. App'x 885, 886 (10th Cir. 2005)).

[26] *See Lewis*, 123 F. App'x at 886 (citing 28 U.S.C. § 1343(a)(1)-(4)).

[27] 28 U.S.C. § 1343(a)(4).

and was rushed to the back of the store when Plaintiffs entered the store.  They claim that these actions gave the perception of racial animosity.  In addition, Plaintiffs also assert that they informed G & W Foods that Wary made false accusations against them and that her behavior in leaving the cashier position when they walked in contributed to a perception of racial animosity.

These few facts do not state a claim for denial of equal protection or race discrimination. There are no allegations that Plaintiffs were denied a service.  There are no allegations that Plaintiffs' race played a role in any action.  The factual allegations, as stated in the Complaint, do not give rise to a plausible inference that Plaintiffs were denied equal treatment or privileges under the law or that they were discriminated against based on their race.  Thus, the Court dismisses these claims.

**B.      Count 5**

Plaintiffs assert a conspiracy claim pursuant to 42 U.S.C. § 1985 in Count 5.[28]  They assert that Wary, her managers, and co-workers knew that they were treating Plaintiffs differently when G & W Foods reassigned Wary to different duties and allowed her to flee immediately upon Plaintiffs entering the store.  Plaintiffs contend that these actions brought forth racial animosity in others and prevented them from enjoying the same shopping experience as other customers.  In addition, Plaintiffs assert that the conspirators treated Plaintiffs differently than other customers of a different color.

Section 1985 prohibits two or more persons from "depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."[29]  "A conspiracy claim under § 1985 'requires at least a combination

---

[28] Plaintiffs also reference K.S.A. § 21-5302, a Kansas criminal statute for conspiracy.  Again, a plaintiff generally cannot bring a civil cause of action based on a criminal statute.  *See Hervey*, 2019 WL 11690495, at *2.

[29] 42 U.S.C. § 1985(3).

of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective.'"[30]  Conclusory allegations are not sufficient to state a valid claim under § 1985.[31]

Here, there are no factual allegations to support this claim.  Plaintiffs' conspiracy allegations include that Wary would rush to the back of the store when Plaintiffs arrived, and the manager or other employees would immediately relieve her of her cashier duties.  In addition, Plaintiffs allege that conversations between Wary and other employees would immediately stop upon Mr. Smith entering the store.  These allegations do not plausibly state a claim that Defendant conspired with others to deprive Plaintiffs of equal protection of the law or equal privileges and immunities under the laws.  Thus, the Court dismisses this claim.

### C.    Counts 3 and 6

In Count 3, Plaintiffs allege defamation and slander.  They assert that Wary made a false statement that she was "harassed" by Mr. Smith to the Oswego City Police on July 24, 2019.  In addition, Plaintiffs assert that Wary repeated slanderous statements about them to her attorney and to a bank in the community.  Plaintiffs assert that Wary engaged her managers and co-workers at G & W Foods in conversations about them at G &W Foods.  They claim that G & W Foods is liable for Wary's defamatory statements.

Count 6 is a claim for endangerment.  Plaintiffs assert that Wary's false accusation of "harassment" endangered them.  They claim that Wary has garnered support from G & W Foods

---

[30] *Shophar v. City of Olathe*, No. 15-CV-4961-DDC-KGS, 2016 WL 4761852, at *5 (D. Kan. Sept. 13, 2016) (citing *Brooks v. Gaenzle*, 614 F.3d 1213, 1227–28 (10th Cir. 2010) (abrogated on other grounds by *Torres v. Madrid*, --- U.S. ---, 141 S. Ct. 989 (2021)).

[31] *Id.* (citing *Hogan v. Winder*, 762 F.3d 1096, 1114 (10th Cir. 2014)).

and that G & W Foods was made aware of Wary's false accusations.  Plaintiffs claim that

Wary's and G & W Foods' actions have created negative racial perceptions about them.

"Generally, an employer is not liable for the intentional torts of an employee unless they

are committed while the employee is acting within the scope of his employment or in furtherance

of his employer's business, and not with a purpose personal to the employee."[32]  Here, Plaintiffs

simply allege that Wary made defamatory statements about them.  There are no allegations,

however, that Wary made these statements within the scope of her employment or in furtherance

of G & W Foods' business.  Instead, Plaintiffs allege that Wary's statements were personal.

Indeed, Plaintiffs include an allegation that G & W Foods informed Plaintiffs that Wary had no

authority to speak on behalf of G & W Foods.  Furthermore, Plaintiff does not allege that G & W

Foods made any defamatory statements about Plaintiffs or that G & W Foods took any actions to

endanger Plaintiffs.  Thus, Plaintiff fails to state a claim for defamation or endangerment against

G & W Foods.[33]

### D.    G & W Foods' Motion to Strike

G &W Foods also filed a Motion to Strike Plaintiffs' Reply (Doc. 20).[34]  Defendant

argues that Plaintiffs' filing is not authorized, and Plaintiffs contend that it is.  G & W Foods,

however, seeks to strike Plaintiffs' sur-reply pursuant to Fed. R. Civ. P. 12(f).  This rule only

allows the court to "strike from a *pleading* an insufficient defense or any redundant, immaterial,

---

[32] *Farris v. Bd. of Cnty. Commr's of Wyandotte Cnty.*, 924 F. Supp 1041, 1050 (D. Kan. 1996) (citation omitted).

[33] The Court notes that Plaintiffs reference criminal statutes with regard to these two claims.  They cite to K.S.A. § 21-4004 and § 21-6103 for the defamation and slander claim.  They cite to K.S.A. § 21-5429 for the endangerment claim.  Again, a plaintiff may not bring a civil cause of action based on a criminal statute.  *See Hervey*, 2019 WL 11690495, at *2.

[34] Plaintiffs' "reply" is actually a sur-reply and is entitled "Plaintiffs Rebuttal Opposing Defendant G & W Foods, Oswego Branch's Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss."  Doc. 17.

impertinent, or scandalous matter."[35]  "Pleadings" do not include motions to dismiss.[36]  Thus, "[t]he Federal Rules of Civil Procedure do not provide for motions to strike motions, memoranda, responses, or replies."[37]  Thus, the Court will not strike Plaintiffs' sur-reply pursuant to Rule 12(f).

Nevertheless, Defendant is correct that a sur-reply is not authorized.  Under D. Kan. Rule 7.1(c), parties are permitted to file a dispositive motion, a response, and a reply.  "[S]ur-replies are not ordinarily allowed by the Court."[38]  They are only permitted in rare cases, and only by leave of the Court.[39]  Here, Plaintiffs did not seek permission before filing their sur-reply nor do they give any valid reason for the need to file one.  The Court recognizes that Plaintiffs are proceeding *pro se*, but nevertheless they must follow the Court's procedural rules.  Thus, the Court will disregard Plaintiffs' filing.[40]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant G & W Food's Motion to Dismiss (Doc. 10) is **granted**.  Plaintiffs' claims against Defendant G & W Foods are **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Defendant G & W Food's Motion to Strike (Doc. 20) is **denied**.

**IT IS SO ORDERED.**

---

[35] Fed. R. Civ. P. 12(f) (emphasis added).

[36] *See* Fed. R. Civ. P. 7(a) (enumerating permitted "pleadings").

[37] *Lemmons v. Evcon Indus., Inc.*, No. 09-1232-JTM, 2011 WL 2790195, at *8 (D. Kan. July 14, 2011) (citing *Fisherman Surgical Instruments, L.L.C. v. Tri-Anim Health Servs.*, No. 06-2082-KHV, 2007 WL 2100119, at *1 (D. Kan. July 20, 2007)).

[38] *Metzger v. City of Leawood*, 144 F. Supp. 2d 1225, 1266 (D. Kan. 2001).

[39] *Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004) (citation omitted).

[40] Plaintiff also filed a "sur-reply" to Defendant's Motion to Strike.  Doc. 24.  The Court will also disregard this "sur-reply."

Dated: April 20, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE